# IN THE UNITED STATES DISTRICT COURT FOR THE

# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| A.B., ) | |
|     Plaintiff, ) | |
| v. ) | Case No. CIV-25-284-ALM |
| FRANK BISIGNANO, ) Commissioner of Social Security, ) | |
|     Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

A.B.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 401-34, 1382. (Doc. 1). The Commissioner filed the Administrative Record ("AR") (Doc. 7), and the parties have fully briefed the issues. (Docs. 8, 13, 16).[2] The parties have consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Docs. 14, 15). Based on the Court's review of the record and issues presented, the Court **AFFIRMS** the Commissioner's decision.

---

[1] For privacy purposes in light of the sensitive information disclosed in Social Security cases, the Court refers to Plaintiff by initials only.

[2] Citations to the parties' briefs refer to the Court's CM/ECF pagination. Citations to the Administrative Record refer to its original pagination.

1

**I.      The Disability Standard and Standard of Review**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3). A medically determinable impairment must be established by "objective medical evidence" from an "acceptable medical source," such as a licensed physician or a licensed and certified psychologist; whereas the claimant's own "statement of symptoms, a diagnosis, or a medical opinion" is not sufficient to establish the existence of an impairment. 20 C.F.R. §§ 404.1521, 416.921; *see id.* §§ 404.1502(a), 404.1513(a), 416.902(a), 416.913(a). A plaintiff is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden-shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is

engaged in any substantial gainful activity; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"),[3] whether the impairment prevents the claimant from continuing claimant's past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  Plaintiff bears the "burden of establishing a prima facie case of disability under steps one, two, and four" of the SSA's five-step procedure.  *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005).  If the plaintiff makes this prima facie showing, "the burden shifts to the Commissioner to show the claimant has the [RFC] to perform other work in the national economy in view of [claimant's] age, education, and work experience."  *Id*.  "The claimant is entitled to disability benefits only if [he or she] is not able to perform other work."  *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987).

This Court's review of the Commissioner's final decision is limited "to determin[ing] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Comm'r, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a

---

[3] RFC is "the most [a claimant] can still do despite [a claimant's] limitations."  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

conclusion." *Staheli v. Comm'r, SSA*, 84 F.4th 901, 905 (10th Cir. 2023) (quoting *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010)); *see also Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (defining substantial evidence as "more than a scintilla, but less than a preponderance"). A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002). But "an agency decision that either applies an incorrect legal standard or is unsupported by substantial evidence is subject to reversal." *Staheli*, 84 F.4th at 905.

## II.    Procedural History

Plaintiff filed applications for DIB and SSI on September 27, 2022, alleging a disability onset date of December 1, 2019. (AR, at 63-64, 77, 94, 196-205). The SSA denied the applications initially and on reconsideration. (*Id*. at 100-105, 107-114). Then an administrative hearing was held on April 4, 2024. (*Id*. at 38-62). Afterwards, the Administrative Law Judge ("ALJ") issued a decision finding that Plaintiff was not disabled. (*Id*. at 23-32). The Appeals Council subsequently denied Plaintiff's request for review.

(*Id.* at 7-12).  Thus, the ALJ's decision became the final decision of the Commissioner. *See Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009); 20 C.F.R. § 404.981.

### III.  The Administrative Decision

At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 1, 2019, the alleged onset date.  (AR, at 25).  At Step Two, the ALJ determined Plaintiff suffers from the severe impairments of lumbar and cervical spine degenerative disc disease with radiculopathy, asthma, and obesity.  (*Id.* at 26).  At Step Three, the ALJ found Plaintiff's impairments do not meet or medically equal any of the listed impairments.  (*Id.* at 27).  The ALJ then determined that Plaintiff had the RFC to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except with the following limitations: lift/carry 20 pounds occasionally and 10 pounds frequently; sit for 6 hours in an 8-hour workday; stand/walk for 6 hours in an 8-hour workday; occasionally climb ramps or stairs; never climb ladders, ropes, or scaffolds; frequently stoop, kneel, crouch, and crawl; and should have no concentrated exposure to environmental irritants such as dust, odors, gases, and fumes.

(*Id.* at 27-28).  Then, at Step Four, the ALJ found Plaintiff could not perform her past relevant work as a fast food manager and a composite job of salesclerk and fast food worker.  (*Id.* at 30-31).  Additionally, at Step Five, the ALJ found Plaintiff could perform jobs existing in significant numbers in the national economy, such as cashier II, routing clerk, and small-products assembler.  (*Id.* at 31-32).  Thus, the ALJ found that Plaintiff had not been under a disability since December 1, 2019.  (*Id.* at 32).

**IV.     Claims Presented for Judicial Review**

Plaintiff contends the ALJ erred in considering the medical opinion of Ashley Slaton, APRN – specifically that she did not properly consider the supportability factor. (Doc. 8, at 10-24).  The Commissioner argues that the ALJ properly considered Ms. Slaton's opinion and that her determination is supported by substantial evidence.  (Doc. 13, at 5-13).  The Court finds the ALJ did not err.

**V.     The ALJ Did not Err in Considering Ms. Slaton's Opinion**

   **A.     Proper Consideration of Medical Opinions and Prior Administrative Medical Findings**

An ALJ is required to evaluate every medical opinion and prior administrative medical finding of record.  *See* 20 C.F.R. §§ 404.1520c(b); 416.920c(b) ("We will articulate in our determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in your case record."). "A medical opinion is a statement from a medical source about what [a claimant] can still do despite [his or her] impairment(s)" and whether a claimant has a limitation or restriction in the ability to perform physical, mental, or other demands of work or to adapt to environmental conditions.  *Id.* §§ 404.1513(a)(2); 416.913(a)(2). "A prior administrative medical finding is a finding, other than the ultimate determination about whether [a claimant] is disabled, about a medical issue made by . . . Federal and State agency medical and psychological consultants at a prior level of review . . . in [the] current claim based on their review of the evidence in [the] case record." *Id.* §§ 404.1513(a)(5); 416.913(a)(5) (including the existence and severity of impairments and symptoms, statements about

whether an impairment meets or medically equals a listing, the RFC, and how failure to follow prescribed treatment relates to the claim).

An ALJ considers medical opinions and prior administrative medical findings using five factors: supportability; consistency; relationship with the claimant; specialization; and other factors, such as "a medical source's familiarity with the other evidence in a claim." 20 C.F.R. §§ 404.1520c(c); 416.920c(c). Supportability and consistency are the most important factors. *Id.* §§ 404.1520c(a), 416.920c(a). "Supportability" examines how closely connected a medical opinion or prior administrative medical finding is to the medical source's objective medical evidence and supporting explanations: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s) is, the more persuasive the medical opinion(s) or prior administrative medical findings will be." *Id.* §§ 404.1520c(c)(1); 416.920c(c)(1). "Consistency," on the other hand, compares a medical opinion or prior administrative medical finding to the other evidence: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* §§ 404.1520c(c)(2); 416.920c(c)(2). The ALJ must articulate how persuasive he finds a medical opinion or prior administrative medical finding. *Id.* §§ 404.1520c(b); 416.920c(b). In doing so, the ALJ is required to "explain how [he] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings." *Id.* §§ 404.1520c(b)(2);

416.920c(b)(2).[4]  The ALJ's rationale must be "sufficiently specific" to permit meaningful appellate review.  *See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007).

### B. Ms. Slaton's Opinion and the ALJ's Consideration

Ms. Slaton completed a "Physical Assessment" form regarding Plaintiff's abilities. (AR, at 404-05).  She opined that Plaintiff:

- could walk one city block without rest or significant pain;
- could sit for two hours in an eight-hour workday
- could stand or walk for two hours in an eight-hour workday;
- required three-to-four unscheduled breaks lasting twenty-to-thirty minutes during an eight-hour workday ;
- could frequently lift or carry less than ten pounds, occasionally lift or carry ten pounds, and never carry twenty-or-more pounds;
- could use her hands, fingers, and arms for up to 20% of time during an eight-hour workday; and
- would be absent from work more than four times a month as a result of her impairments or treatment.

(*Id.*)  The ALJ considered the opinion as follows:

> APRN Slaton cited evidence of the claimant's neck and low back pain with radiculopathy to the bilateral arms and legs [AR, at 404].  The cited evidence supported functional limitations but not to the assigned severity.  In addition, physical examinations from APRN Slaton in the record, which noted mild and normal findings, did not support the severity of this opinion [*Id.* at 523, 530, 536, 569, 584, 589, 593, 733, 739, 753].  Moreover, the record is inconsistent with this opinion.  The equivocal physical examinations and

---

[4] An ALJ must consider, but need not explicitly discuss, the remaining factors (relationship with the claimant, specialization, and other factors) unless there are differing medical opinions on an issue and those opinions are equally well-supported and consistent with the record.  *See* 20 C.F.R. §§ 404.1520c(b)(2), (3); 416.920c(b)(2), (3).

> medical imaging are consistent with no further reduction than to light work, as previously described. The claimant presented with full strength and range of motion of the bilateral upper extremities as well, which is inconsistent with manipulative limitations [*Id.* at 408, 505, 809]. The claimant's symptoms and treatment are also inconsistent with limitations for unscheduled breaks and workplace absences. Accordingly, this opinion is unpersuasive.

(*Id.* at 30). The ALJ considered the correct factors and made a persuasiveness determination, so she complied with the letter of the law. Plaintiff, however, contends the ALJ did not appropriately consider the supportability factor. (Doc. 16, at 10).

### C. The ALJ Properly Conducted the Supportability Analysis.

Plaintiff takes issue with the ALJ's notation of mild or normal findings from Ms. Slaton's physical examinations – arguing that the ALJ mischaracterized the evidence. (Doc. 8, at 13-17). Plaintiff argues that seven of the records cited by the ALJ in support of mild or normal findings include more significant findings, including decreased range of motion in her spine and hip, pain, and tingling in her extremities. (*Id.* at 13-14). In contrast, Plaintiff alleges only two of the physical examinations cited by the ALJ contain normal findings. (*Id.* at 15).

An ALJ may not "mischaracterize or downplay evidence to support her findings." *Bryant v. Comm'r, SSA*, 753 F. App'x 637, 640-41 (10th Cir. 2018). But viewing the decision as a whole, the undersigned finds that the ALJ did not do so here. Separately from determining the persuasive value of Ms. Slaton's opinion, the ALJ considered the evidence related to Plaintiff's spine impairments as follows:

> Since the alleged onset date, the medical evidence documented treatment with primary care, pain management care, emergency care, injection therapy, and medication such as Flexeril, Gabapentin, Neurontin, Codeine, Tylenol,

>and Ibuprofen. During treatment, the claimant reported pain to the neck and low back up to 9/10, radiating pain, numbness, and tingling to the bilateral arms, hands, legs, and feet, and aggravated symptoms with sitting and standing. Physical examinations found the claimant had cervical back tenderness, lumbar back tenderness, decreased cervical and lumbar spine range of motion, pain with lower extremity range of motion, and positive straight leg testing. Yet, additional physical examinations found the claimant had normal gait, full range of motion, full strength, intact sensation, negative straight leg testing, and negative Tinel and Phalen testing. Medical imaging confirmed the claimant had mild cervical spine degeneration with mild-to-moderate facet arthropathy as well as mild lumbar spine degeneration with slight dextroscoliosis and moderate neuroforaminal narrowing.

(AR, at 28-29) (internal citations omitted). In this summary, the ALJ cited the same reports that she used to support her supportability analysis. So, it is clear the ALJ did not ignore the findings of Plaintiff's reduced range of motion, pain, and extremity tingling and numbness. Thus, the undersigned finds Plaintiff merely disagrees with the ALJ as to how significant Ms. Slaton's findings are. The Court will not reweigh the evidence to require a different conclusion.[5] *See Vigil*, 704 F.3d at 1201.

Plaintiff also contends the ALJ cherry picked the evidence by ignoring abnormal findings from three medical examinations. (Doc. 8, at 17). Specifically, she alleges the ALJ ignored the following notations from Ms. Slaton's records:

- March 3, 2022 – Plaintiff had limited lumbar range of motion with pain, right hip pain, lower back pain, and numbness and tingling down her right leg at times. (*Id.*) (citing AR, at 562-64).

---

[5] In her reply brief, Plaintiff asserts she does not seek to reweigh the evidence, but instead the ALJ must demonstrate she considered all the evidence and not only discuss the evidence supporting her decision. (Doc. 16, at 2). But the ALJ discussed the evidence Plaintiff addresses in the decision, and the Court finds no error for not discussing the evidence again in the supportability analysis.

- June 7, 2023 – Plaintiff had pain with cervical range of motion as well as limited lumbar range of motion with accompanying pain. (*Id.*) (citing AR, at 749)

- June 23, 2023 – Plaintiff had pain with cervical range of motion, limited lumbar range of motion with pain, and pain rating at a five out of ten. (*Id.*) (citing AR, at 700, 702).

But again, the ALJ cited these records in her summary of the medical evidence, which included a notation of such symptoms. (AR, at 28-29). So, the Court does not find error.

Because the Court does not find any error in the ALJ's consideration of Ms. Slaton's medical opinion, the undersigned does not reach Plaintiff's contention that the alleged error was harmful.

## VI. Conclusion

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the Court **AFFIRMS** the Commissioner's decision.

**IT IS SO ORDERED** this 16th day of December, 2025.

_____
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE